**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**William M. HICKOK, Defendant-
Appellant.**

No. 73-1372.

United States Court of Appeals,
Ninth Circuit.

July 9, 1973.

378

Milton Stern, Jr. (argued), San Francisco, Cal., for defendant-appellant.

Gary K. Shelton, Asst. U. S. Atty. (argued), James L. Browning, U. S. Atty., John M. Youngquist, Asst. U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before HAMLIN and CARTER, Circuit Judges, and BOLDT, District Judge.*

BOLDT, District Judge:

On December 6, 1972, a jury found appellant guilty of four counts of attempting to evade payment of federal income taxes in violation of § 7201 of the Internal Revenue Code of 1954, 26 U.S.C. § 7201, and four counts of wilfully making and subscribing false corporate income tax returns in violation of 26 U.S.C. § 7206(1), on behalf of the small business corporation (within the meaning of Subtitle A, Subchapter S of the 1954 I.R.C., 26 U.S.C. §§ 1371–1379) of which he was president and 51% shareholder. The corporation operated a 24-hour steam bath in San Francisco. Appellant understated the gross receipts of the corporation and his personal income therefrom by the amount of one dollar per customer in his tax returns for the years 1965 through 1968. We find the assignments of error without merit, and affirm.

Appellant's principal assignment of error concerns the refusal of the trial court to grant an evidentiary hearing on appellant's pretrial motion to suppress evidence under Rule 41(e) of the Federal Rules of Criminal Procedure, 18 U.S. C.A., and its refusal to permit appellant to present evidence on this motion during the trial. The evidence sought to be suppressed were documents and records obtained by Internal Revenue Service agents from the accountant for appellant and the corporation. Appellant makes the general assertion that these materials were obtained by improper use of administrative summonses solely to build a criminal tax case against him.

■ Federal Rule of Criminal Procedure 41(e) provides in part that on a motion to suppress evidence "The judge shall receive evidence on any issue of fact necessary to the decision of the motion . . . . The motion shall be made before trial . . . but the court in its discretion may entertain the motion at trial or hearing." In United States v. Carrion, 463 F.2d 704, 706 (9th

* The Honorable George H. Boldt, United States District Judge, Western District of Washington, sitting by designation.

Cir. 1972), this court held that allegations of relevant factual issues must be set forth with "definiteness, clarity, and specificity" in the moving papers before the movant is entitled to an evidentiary hearing. This is true whether the motion is made before or at trial. "Moreover, factual allegations which are general and conclusory or based upon suspicion and conjecture will not suffice . . . ." Cohen v. United States, 378 F.2d 751, 760 (9th Cir. 1967), cert. denied, 389 U.S. 897, 88 S.Ct. 217, 19 L.Ed.2d 215 (1967).

■■ The affidavit of a special revenue agent assigned to the investigation of appellant's tax returns states that the investigation originated as a civil tax examination in 1968; that in January, 1970 a joint investigation was commenced to correctly determine civil tax liability and whether criminal liability was indicated; and that criminal prosecution was not recommended until September 17, 1970. It is conceded that no administrative summons was issued after that date. It is well established that "an internal revenue summons may be issued in aid of an investigation if it is issued in good faith and prior to a recommendation for criminal prosecution." Donaldson v. United States, 400 U.S. 517, 536, 91 S.Ct. 534, 545, 27 L.Ed.2d 580 (1971). Appellant's affidavit in support of his motion to suppress contained no assertions of fact putting in issue the statements of the I.R.S. affiant, nor did appellant allege any facts to substantiate his general, conclusory allegation that administrative summonses were improperly used *solely* to develop a criminal case against him. Thus no factual issues were presented requiring an evidentiary hearing.

■■ In addition to the alleged violation of Fourth Amendment rights regarding procurement of records by I.R.S. from the accountant, appellant also claims his Fifth Amendment right against self-incrimination was violated by use of the same materials. In appellant's reply brief, however, it is admitted that the only documents obtained from the accountant which were offered or received in evidence at the trial were business records of the corporation. It has long been recognized that an individual cannot "assert his personal privilege against self-incrimination as a valid ground for refusing to produce corporate records." United States v. Bell, 448 F.2d 40, 41 (9th Cir. 1971); see Grant v. United States, 227 U.S. 74, 33 S.Ct. 190, 57 L.Ed. 423 (1913).

■■ Appellant asserts a further violation of his constitutional rights in that his personal records were used by I.R.S. to confirm information obtained from corporate records and an informant. However, there is no evidence, nor purported showing by appellant, that any records or other evidence admitted at trial were derived from appellant's personal records. Furthermore, it should be noted that the summonses involved in this case were issued to the accountant and not to the appellant. The privilege against self-incrimination is strictly a personal right. While the accountant had control of appellant's personal and business records, he also had control of the corporate records, and appellant knew information from each source would be disclosed in order for the accountant to prepare both the corporate and personal income tax returns in question. Therefore, any question of appellant's privilege against self-incrimination or of an accountant-client privilege is disposed of by the recent decision of Couch v. United States, 409 U.S. 322, 336, 93 S.Ct. 611, 34 L.Ed.2d 548 (1973) in which the Supreme Court held that "no Fourth or Fifth Amendment claim can prevail where, as in this case, there exists no legitimate expectation of privacy and no semblance of governmental compulsion against the person of the accused."

Appellant assigns three additional errors by the trial court. Each of these has been carefully reviewed and found without merit.

(1) Appellant sought to impeach the testimony of a former employee at the steam bath, a Government informer, by questions addressed to police officers who were located near the premises at the time of an alleged robbery. The court limited examination to the amount of money the employee told the officers had been taken, which amount assertedly was inconsistent with statements made by the employee to appellant. Any other inquiry of the police officers concerning details of the robbery necessarily would have been an attempt to show the employee committed the robbery. The trial court properly held that the credibility of a witness cannot be impeached by evidence of prior acts of misconduct that did not result in criminal conviction. See United States v. Norman, 402 F.2d 73, 77 (9th Cir. 1968), citing Michelson v. United States, 335 U.S. 469, 482, 69 S.Ct. 213, 93 L.Ed. 168 (1948).

(2) The next asserted error was denial of a motion to dismiss the indictment on the ground it was founded on hearsay evidence presented to the grand jury and on the further ground that a court reporter was not present at the grand jury proceedings. However, the Supreme Court in an income tax evasion case held a defendant can be required to stand trial and his conviction can be sustained where only hearsay evidence was presented to the grand jury which returned an indictment valid on its face, Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956); and this court has repeatedly held that the testimony of witnesses at grand jury proceedings need not be reported. United States v. Thoresen, 428 F.2d 654, 666 (9th Cir. 1970); Loux v. United States, 389 F.2d 911, 916 (9th Cir. 1968).

(3) Appellant assigns error upon the denial of his motion for pretrial discovery of persons giving the Government statements exculpatory of appellant. The constitutionality of the so-called Jencks Act, 18 U.S.C. § 3500, providing that witness statements in the possession of the Government need not be disclosed prior to trial of a criminal case, was upheld in Seales v. United States, 367 U.S. 203, 257–258, 81 S.Ct. 1469, 6 L.Ed.2d 782 (1961). In the present case, at commencement of trial the prosecution gave appellant the names and statements of the only two witnesses who had made statements which could possibly be deemed favorable to appellant, and at oral argument in this court, counsel for appellant stated he had no knowledge or reason to believe that the Government had any other exculpatory statements.

For the reasons herein stated the judgment of conviction is

Affirmed.