**William M. HICKOK, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 74–1047.**

United States Court of Appeals,
Ninth Circuit.

Aug. 7, 1974.

Milton Stern, Jr., San Francisco, Cal., for petitioner-appellant.

Gary K. Shelton, Asst. U. S. Atty., San Francisco, Cal., for respondent-appellee.

Before CHAMBERS and KOELSCH, Circuit Judges, and REAL,* District Judge.

## OPINION

PER CURIAM:

Appellant was convicted of four counts of attempting to evade federal income taxes (26 U.S.C. § 7201) and four counts of preparing and filing false and fraudulent corporate income tax returns (26 U.S.C. § 7206(1)). This conviction was affirmed on appeal United States v. Hickok, 481 F.2d 377 (9th Cir. 1973).

Appellant was sentenced to serve one year in jail on each count (concurrently) and to pay an aggregate of $60,000 in fines to the United States. The judg-

ment and Order of Commitment provided in pertinent part:

" . . . said sentences with reference to imprisonment ONLY . . . are to run concurrently. . . . The defendant is Ordered to stand committed until the fine is paid."

Orally the trial judge at the time of sentence pronounced sentence substantially as set forth in the judgment and order of commitment except that his oral statement included a reference to the fine:

. . . . to stand committed until the fine is paid or he is otherwise discharged by due course of law."

Appellant paid the fine and demanded release from his imprisonment. To clarify his intent, the trial judge filed an amended judgment and order of commitment deleting the "stand committed" language of the original judgment.

Appellant complained by filing a Petition to Vacate Amended Judgment Pursuant to Title 28 U.S.C. § 2255. This petition was denied and defendant appeals.

Appellant can have no complaint cognizable on appeal. The original oral sentence and judgment and order of commitment used the words of art "stand committed" which apply only to the fine imposed. These words of art have no reference or application to the imprisonment portion of the imposed sentence. The words simply refer to imprisonment to compel the payment of a fine or discharge as provided in 18 U.S. C. § 3569.[1]

This disposition of the appeal makes it unnecessary to reach the claimed error that appellant was not present when the trial court filed its "clarification." We intimate no opinion on this issue.

The judgment is affirmed.

---

* Honorable Manuel L. Real, United States District Judge, Central District of California, sitting by designation.

1. This imprisonment can result even where no "term of imprisonment" has been imposed.

18 U.S.C. § 3565; *see* Panno v. United States, 203 F.2d 504, 509–510 (9th Cir. 1953).