**UNITED STATES of America**

v.

**Charles MILLER a/k/a "Kumba Charlie" and Michael Lieber.**

**Crim. No. H-74-22.**

United States District Court, D. Connecticut.

Jan. 9, 1975.

Michael Hartmere, Asst. U. S. Atty., Bridgeport, Conn., for plaintiff.

John R. Williams, New Haven, Conn., Daniel Klubock, Boston, Mass., for defendants.

## RULING ON DEFENDANTS' MOTION TO DISMISS

BLUMENFELD, District Judge.

Defendants Charles Miller and Michael Lieber are charged in a nine-count indictment with violating various provisions of the Comprehensive Drug Abuse Prevention and Control Act by allegedly possessing with the intent to distribute, distributing and conspiring to possess and distribute quantities of hashish oil and cocaine. In addition, in Count Five they are charged under 18 U.S.C. § 371 (1970) with conspiring to defraud the government by converting to their own use $3900 of government funds. The defendants challenge the indictment on a variety of grounds. For the reasons that follow, none of their claims warrants dismissal of any count of the indictment other than those to which the government has consented.

The first series of claims relate to the penalization of the distribution of hashish oil. As discussed in United States v. Rothberg, Crim.No. H–601 (D.Conn., Jan. 9, 1975), all of these claims have been considered and rejected in United States v. Kiffer, 477 F.2d 349 (2d Cir.), cert. denied, 414 U.S. 831, 94 S.Ct. 62, 38 L.Ed.2d 65 (1973) and United States v. Maiden, 355 F.Supp. 743 (D.Conn. 1973). There is no need for further discussion here.

Secondly, the defendants challenge as being irrational the classification of cocaine as a narcotic drug under 21 U.S.C. § 802(16) (1970).[1] The defendants have submitted no evidence, other than the citation of various articles, books and research reports in their brief, to support their claim that cocaine is pharmacologically not a narcotic. The court declines the implicit invitation to take judicial notice of the alleged authoritativeness of these sources.

Furthermore, even if the characterization of cocaine as a narcotic drug for the purposes of the statute were pharmacologically inaccurate, the defendants would still not be entitled to the relief which they seek. There is no indication in the statute that Congress intended to make its definition of narcotics coincide with the pharmacological definition. Rather, it appears that Congress intended to classify drugs as more or less dangerous and adopted two means for doing so: scheduling the

---

1. 21 U.S.C. § 802(16) (1970) provides:
"The term 'narcotic drug' means any of the following, whether produced directly or indirectly by extraction from substances of vegetable origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis:
(A) Opium, coca leaves, and opiates.
(B) A compound, manufacture, salt, derivative, or preparation of opium, coca leaves, or opiates.

(C) A substance (and any compound, manufacture, salt, derivative, or preparation thereof) which is chemically identical with any of the substances referred to in clause (A) or (B).
Such term does not include decocainized coca leaves or extracts of coca leaves, which extracts do not contain cocaine or ecgonine."

drug, see 21 U.S.C. § 812 (1970),[2] and classifying it as narcotic or non-narcotic. Evidently Congress considered that cocaine was very dangerous and that activities involving cocaine should be penalized as heavily as those involving, for example, heroin. Thus, *Congress* classified cocaine as a narcotic and placed it in a schedule entailing the heaviest penalties under the statute.[3] The defendants have presented no evidence to suggest that such a decision is constitutionally unreasonable. Furthermore, even had they attempted to make such a presentation, their burden would have been heavy. "The comparative gravity of criminal offenses and whether their consequences are more or less injurious are matters for [legislative] determination." Pennsylvania v. Ashe, 302 U.S. 51, 55, 58 S.Ct. 59, 60, 82 L.Ed. 43 (1937). *See* United States v. Maiden, *supra*, 355 F. Supp. at 747.

The defendants also assert that the indictment is multiplicitous in that they have been charged with two separate offenses, possession with intent to distribute and distribution, for each of three alleged sales of a controlled substance. The remedy which they seek for this alleged multiplicity is to force the government at this stage of the proceedings to elect between these charges.

 "Whether an aggregate of acts constitute a single course of conduct and therefore a single offense, or more than one, may not be capable of ascertainment merely from the bare allegations of an [indictment] and may have to await the trial on the facts." United States v. Universal C.I.T. Credit Corp., 344 U.S. 218, 225, 73 S.Ct. 227, 231, 97 L.Ed. 260 (1952); *see* United States v. Gumbs, 246 F.2d 441, 443 (2d Cir. 1957) (Hincks, J. concurring); 8 J. Moore, Federal Practice ¶ 8.07[1] (2d ed. 1965).[4] In the instant case, it is impos-

2. "[T]he Act established a series of five schedules and listed a number of criteria based upon which the various controlled substances were each assigned by Congress to one of the schedules. See 21 U. S.C. § 812. The criteria concern potential for abuse, currently accepted medical uses, and possible physical or psychological dependency effects. The severity of the statutory sanctions for drug distribution and related offenses is regulated by the schedule in which the drug in question is found, with the most severe penalties attaching to Schedule I and II drugs and the least severe to those in Schedule V. 21 U.S.C. § 841(b)."
 United States v. Kiffer, *supra*, 477 F.2d at 355–356 (footnote omitted).

3. 21 U.S.C. § 841(a) (1970) provides:
 "(a) Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—
 (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance. . . ."
 21 U.S.C. § 841(b)(1)(A) (1970) provides in relevant part:
 "(b) Except as otherwise provided in section 845 of this title, any person who violates subsection (a) of this section shall be sentenced as follows:
 (1)(A) In the case of a controlled substance in schedule I or II which is a nar-

cotic drug, such person shall be sentenced to a term of imprisonment of not more than 15 years, a fine of not more than $25,000, or both."
 21 U.S.C. § 841(b)(1)(B) (1970) provides in relevant part:
 "(B) In the case of a controlled substance in schedule I or II which is not a narcotic drug or in the case of any controlled substance in schedule III, such person shall be sentenced to a term of imprisonment of not more than 5 years, a fine of not more that $15,000, or both."
 Cocaine is a Schedule II controlled substance. 21 U.S.C. § 812(c) (Schedule II) (a)(4) (1970).

4. Moreover, the challenge of multiplicity is "not [to] the propriety of the prosecution itself but [to] the imposition of cumulative sentences." 8 J. Moore, Federal Practice ¶ 8.07[1] at 8–47 (2d ed. 1965).
 United States v. Vasquez, 468 F.2d 565 (2d Cir. 1972), cert. denied, 410 U.S. 945, 93 S. Ct. 1400, 35 L.Ed.2d 612 (1973) implicitly supports this position. In that case the Second Circuit refused to decide the identical issue presented by the instant motion where the defendant, having been convicted of both possession with intent to distribute and the distribution of a controlled substance, received concurrent sentences on the two charges.

sible to make a judgment, based upon the indictment alone, as to the merits of the defendants' claim of multiplicity. Therefore, this element of the defendants' motion is denied with leave to renew at either the conclusion of trial or, following a jury verdict of guilty, at the imposition of sentence.

The defendants assert that Count Nine of the indictment is defective because it alleges a conspiracy in violation of 21 U.S.C. § 846 (1970) without alleging any overt act. In United States v. DeViteri, 350 F.Supp. 550 (E.D.N.Y.1972), in holding that 21 U.S.C. § 846 does not require an overt act as a necessary element of the conspiracy, Judge Zavatt relied upon the construction of that section's predecessors, 21 U.S.C. §§ 174, 176a (since repealed), and found that with the enactment of § 846 Congress had not evidenced any intent to change the previous law. I agree with this conclusion and therefore hold that an indictment charging a conspiracy in violation of 21 U.S.C. § 846 is not deficient for failing to allege an overt act.

The defendants also challenge Counts Five and Six of the indictment on several grounds. Pursuant to the agreement of the government, those counts are hereby dismissed and thus the issues raised regarding them are moot. Similarly, the language in Counts Two, Four and Eight charging the defendants with illegally "dispensing" controlled substances is stricken by agreement of the government. The defendants also raised a number of other challenges to the indictment, none of which were briefed. I agree with the implicit judgment of counsel that these remaining issues are meritless. Finally, defendant Miller's motion to strike his alleged alias from the indictment and caption is denied with leave to renew at the commencement of trial.

The defendants' motion to dismiss is hereby denied with the exceptions noted above, and it is

So ordered.