**UNITED STATES of America,
Plaintiff,**

v.

**Michael AMIDZICH et al., Defendants.**

**No. 75–CR–68.**

United States District Court,
E. D. Wisconsin.

July 23, 1975.

Terry E. Mitchell, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

James M. Shellow, Milwaukee, Wis., for defendant Amidzich.

D. Jeffrey Hirschberg, Milwaukee, Wis., for defendant Bastian.

Harry F. Peck, Milwaukee, Wis., for defendant Waltress.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is a criminal case in which the three defendants, Michael Amidzich, Pamela Sue Bastian, and Bruce Clark Waltress, were charged in a seven count indictment with a variety of violations of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U. S.C. § 801, et seq., ("the Act"). Defendants Amidzich and Waltress have filed a number of motions, most of which are denied.

Count I of the indictment charges all three defendants with engaging in a conspiracy, beginning in January 1975 and continuing to April 3, 1975, to distribute and possess with intent to distribute cocaine and tablets containing d-amphetamine sulfate, in violation of 21 U.S.C. § 846. Count II alleges that on February 4, 1975, Waltress and Bastian, possessed, with intent to distribute and did distribute, approximately 9,382 tablets containing d-amphetamine sulphate, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. In each of Counts III, IV, and V, all three defendants are charged with possessing cocaine with intent to distribute and distributing it on February 9, February 12, and April 3, 1975, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Counts VI and VII charge defendant Amidzich alone with, on April 3, 1975, possessing cocaine (Count VI) and tablets containing d-amphetamine sulfate (Count VII) with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

## DISCOVERY

Defendants Amidzich and Waltress have both filed motions seeking a bill of particulars. Additionally, defendant Waltress has moved for disclosure of exculpatory evidence, reports or results of scientific tests, statements attributed to codefendants which the Government intends to introduce at trial, and any evidence of similar offenses which the Government intends to rely on.

Defendant Waltress' motion for a bill of particulars inquires as to the theory the Government will rely on to show that he was an aider and abettor as to Counts I through V. Defendant Amidzich's motion seeks information unknown at the time the indictment was returned but which may have been subsequently discovered by the Government.

A motion for a bill of particulars is addressed to the discretion of the court. *Wong Tai v. United States*, 273 U.S. 77, 82, 47 S.Ct. 300, 71 L.Ed. 545 (1927); *United States v. Barrett*, 505 F.2d 1091, 1106 (7th Cir. 1975); *United States v. Johnson*, 504 F.2d 622, 627 (7th Cir. 1974). The purpose of a bill of particulars is to inform a defendant of the nature of the charges against him so that he will have a sufficient opportunity to prepare for trial and avoid surprise, and also to enable him to plead double jeopardy if a subsequent prosecution for the same offense should eventuate. *United States v. Perez*, 489 F.2d 51, 70–71 (5th Cir. 1973), cert. denied, 417 U.S. 945, 94 S.Ct. 3067, 41 L.Ed.2d 664 (1974). These purposes are satisfied by the detailed indictment herein. A motion for a bill of particulars cannot be used to obtain evidentiary details of the Government's case, *United States v. Johnson, supra; United States v. Cansler*, 419 F.2d 952, 954 (7th Cir. 1969), cert. denied, 397 U.S. 1029, 90 S.Ct. 1278, 25 L.Ed.2d 540 (1970), or the government's legal theory, *United States v. Copen*, 378 F.Supp. 99, 103 (S.D.N.Y. 1974); *United States v. Verra*, 203 F. Supp. 87, 92 (S.D.N.Y.1962). The motions are, therefore, denied.

Defendant Waltress' other discovery motions are moot in light of the representations contained in the Government's brief and the fact that his attor-

ney has had access to the Government's file and they are, accordingly, denied.

## SEVERANCE

Defendant Waltress has filed one motion seeking a severance of defendants and another requesting severance of counts. The motion for severance of defendants is grounded upon the assertion that at a joint trial Waltress' codefendants will assert their privilege against self-incrimination and refuse to testify in his behalf, whereas if he has a separate trial, they will give testimony tending to exculpate him or minimize his complicity.

██ Under Rule 14 of the Federal Rules of Criminal Procedure, a severance of defendants may be granted, "If it appears that a defendant * * * *is prejudiced*" (emphasis added) by a joint trial. Where the indictment alleges a conspiracy or that the defendants were principals and aiders-abettors, the rule is that defendants jointly indicted should be tried together unless "the possibilities of danger to a fair trial have become realities of prejudice in the jury." *United States v. Kahn*, 381 F.2d 824, 839 (7th Cir.), cert. denied, 389 U. S. 1015, 88 S.Ct. 591, 19 L.Ed.2d 661 (1967). In *Kahn* the Court went on to state at 841:

> "As with the right to comment on the silence of a codefendant, there is no absolute requirement for a severance when defendants suggest that the testimony of a co-defendant is not available to them unless they are tried separately. The unsupported possibility that such testimony might be forthcoming does not make the denial of a motion for severance erroneous." (Citations omitted.)

See also, *United States v. Isaacs*, 493 F. 2d 1124 (7th Cir.), cert. denied, 417 U.S. 976, 94 S.Ct. 3184, 41 L.Ed.2d 1146 (1974). The mere assertion by defendant Waltress' attorney, unsupported by affidavit or otherwise, that at a separate trial the codefendants would waive their privilege against self-incrimination and give testimony exculpative of the defendant is an insufficient showing that a joint trial would be prejudicial. *United States v. Buschman*, 386 F.Supp. 822 (E.D.Wis.1975). Waltress' motion for severance of defendants is therefore denied.

██ In support of his motion for severance of counts, defendant Waltress argues that evidence of one crime will be improperly used to prove others, that the jury may view the evidence cumulatively, and that he may wish to testify only as to some of the counts. Severance of counts against a single defendant is within the discretion of the trial court. *United States v. Barrett*, 505 F. 2d 1091, 1106 (7th Cir. 1975). The rule is that the possibility that the jury will improperly use evidence of one crime in deciding whether a defendant is guilty of another or will use the evidence cumulatively can be prevented by proper instructions. *United States v. Pacente*, 503 F.2d 543, 548 (7th Cir. 1974); *United States v. Williamson*, 482 F.2d 508 (5th Cir. 1973); *Blachly v. United States*, 380 F.2d 665 (5th Cir. 1967). Further, the mere assertion that a defendant "may" wish to testify as to some counts and not others, unsupported by affidavit or other information showing that genuine prejudice will occur to the defendant's trial strategy, is not a sufficient reason for granting a severance of counts. *United States v. Williamson, supra*, at 512. Contrast, *Cross v. United States*, 118 U.S.App.D.C. 324, 335 F.2d 987 (1964). Waltress' motion for severance of counts is thus denied.

## SUPPRESSION

Defendant Amidzich has filed a motion to suppress as evidence property seized from the premises at 5641 South 22nd Street, Milwaukee, Wisconsin, during the execution of a search warrant on April 3, 1975. A second motion seeks the return and suppression of property seized from defendant Amidzich's person at the time of his arrest on April 3, 1975. The third motion is to suppress

as evidence property seized from a 1974 Lincoln Continental automobile with Wisconsin license number LC 1639, which automobile was allegedly being driven by defendant at the time of his arrest.

Defendant attacks the search warrant on the grounds that (1) the affidavit in support insufficiently establishes the probable cause required for its issuance, and (2) some of the information contained therein was illegally obtained. The affidavit of Special Agent Charles F. Lee of the Drug Enforcement Administration ("DEA") contains the following facts:

1. On February 9, February 12, and April 3, 1975, Special Agent Thomas J. Stacy of the DEA had conversations with Bruce Waltress and/or his girlfriend Pam relative to purchasing cocaine. On each occasion, Special Agent Lee and other DEA agents observed Waltress leave his residence at 220 North 32nd Street, Milwaukee, travel to the residence at 5641 South 22nd Street, Milwaukee, enter and remain there for a few minutes, and then return to his own residence where the cocaine was transferred to the buyer, Agent Stacy.

2. On February 9, 1975, subsequent to the transaction, Stacy informed Lee that Waltress had stated: "I have to go down and pick up the stuff and I'll be right back."

3. On February 12, 1975, about 40 minutes after Agent Stacy completed his cocaine purchase and departed, Michael Amidzich arrived at Waltress' residence, entered, and departed after approximately 10 minutes.

4. Michael Amidzich occupies the residence at 5641 South 22nd Street and drives a 1974 Lincoln Continental automobile bearing Wisconsin license plates number LC 1639, which automobile was observed at the 5641 South 22nd Street residence on February 12, 1975, and was driven by Amidzich to Waltress' residence.

5. On April 3, 1975, some 40 minutes after Waltress delivered cocaine to Agent Stacy in exchange for $1,500, Amidzich arrived at Waltress' residence, was arrested upon his departure by the surveillance agents, and had in his possession $1,350 of "Official Advance Funds."

These facts were sufficient to establish that there was probable cause to believe that Amidzch was supplying drugs to Waltress and that additional drugs, along with the proceeds of drug transactions, could be found at Amidzich's residence at 5641 South 22nd Street, Milwaukee, Wisconsin. Defendant's contention that the affidavit does not contain the requisite probable cause must be rejected.

Defendant's other challenge to the search warrant is that illegally obtained evidence—presumably the fact that Amidzich possessed $1,350 in "Official Advance Funds" at the time of his arrest—is contained in the affidavit. This ground of attack on the affidavit is intertwined with defendant's second motion, as described above, which challenges the seizure of property from his person at the time of defendant's arrest on April 3, 1975. As to this second motion, and also defendant's third motion involving the search of his car, defendant has not filed any affidavits which set forth the facts he wishes to rely upon, nor has he cited authority in support of the motions. Instead, all defendant has done is state that the seizures were not pursuant to a search warrant or lawful arrest, were not made with his consent, were not of abandoned property, and requested an evidentiary hearing.

Rule 41(e), F.R.Cr.P., provides: "The judge shall receive evidence on any issue of fact necessary to the decision of the motion." In applying this rule to requests for evidentiary hearings in connection with motions to suppress, it has been consistently held that—

" * * * Evidentiary hearings need not be set as a matter of course, but if the moving papers are sufficiently definite, specific, detailed, and

nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question, an evidentiary hearing is required. [Citation omitted.]" *United States v. Ledesma,* 499 F.2d 36, 39 (9th Cir. 1974).

See, *United States v. Poe,* 462 F.2d 195, 197 (5th Cir. 1972), cert. denied, 414 U.S. 845, 94 S.Ct. 107, 38 L.Ed.2d 83 (1973); *United States v. Hickok,* 481 F.2d 377, 379 (9th Cir. 1973); *United States v. Culotta,* 413 F.2d 1343, 1345 (2d Cir. 1969), cert. denied, 396 U.S. 1019, 90 S.Ct. 586, 24 L.Ed.2d 510 (1970); *United States v. One 1965 Buick,* 392 F.2d 672, 678 (6th Cir. 1968), vacated on other grounds, *Dean v. United States,* 402 U.S. 937, 91 S.Ct. 1602, 29 L.Ed.2d 105 (1971); *Cohen v. United States,* 378 F.2d 751, 760–761 (9th Cir.), cert. denied, 389 U.S. 897, 88 S.Ct. 217, 19 L.Ed.2d 215 (1967); *United States v. Phillips,* 375 F.2d 75, 78–79 (7th Cir.), cert. denied, 389 U.S. 834, 88 S.Ct. 40, 19 L.Ed.2d 95 (1962); *Grant v. United States,* 282 F.2d 165, 170 (2d Cir. 1960); *United States v. Smith,* 341 F.Supp. 687, 690 (N.D.Ga.1972); *United States v. Davis,* 330 F.Supp. 899, 903–904 (N.D.Ga.1971). Since defendant has not complied with this rule, no evidentiary hearing will be scheduled at this time. Instead, an order requiring the parties to stipulate to the contested and uncontested facts will be entered, and the Court will thereafter consider defendant's request for an evidentiary hearing.

## DISMISSAL

Defendant Amidzich has filed five motions to dismiss various counts of the indictment, and defendant Waltress has joined in them. The essential contentions are: (1) 21 U.S.C. § 846 is unconstitutional; (2) cocaine is misclassified as a narcotic drug; (3) Count I defectively apprises defendants of the possible penalties upon conviction; (4) Count I's charge of unlawful procurement fails to allege an offense; and (5) neither co-caine nor d-amphetamine sulphate is listed in Schedule II. All the motions must be denied.

### 1. Constitutionality of 21 U.S.C. § 846

Defendants' contentions that § 846 is unconstitutional proceed from the fact that the statute does not specify the commission of an overt act by a coconspirator as an element of the offense. Thus, defendants claim that the statute impermissibly infringes on the First Amendment by punishing "merely collective conversation," and further violates the Fifth Amendment by restricting a conspirator's exercise of his "free will" to withdraw from a conspiracy before an overt act is committed.

Section 846, 21 U.S.C., subjects to punishment "[a]ny person who attempts or conspires to commit any offense defined in this subchapter * * * ." Its history is set forth in *United States v. De Viteri,* 350 F.Supp. 550 (E.D.N.Y.1972), where the Court held that an indictment alleging a violation of § 846 was not subject to be dismissed for failure to allege any overt act. While the indictment here does allege the commission of overt acts in furtherance of the conspiracy, defendants have standing to raise the First Amendment argument in light of the "transcendent value to all society of constitutionally protected expression." *Bigelow v. Commonwealth of Virginia,* —— U.S. ——, ——, 95 S.Ct. 2222, 44 L.Ed.2d 600 (1975).

Defendants' claim must, however, be rejected. The statute does not forbid "merely collective conversation," as defendants assert, but instead prohibits the act of attempting or agreeing to commit one of the substantive offenses defined in the subchapter. Not only must there be proof of an agreement but also proof of an intent to agree to do the wrongful act, since "a conviction upon the basis of association alone may not stand." *United States v. Tyler,* 505 F.2d 1329, 1332 (5th Cir. 1975). Further, even though the act of

agreement may have some "pure speech" elements, the governmental interest in illegal drug transactions is sufficient to justify such incidental restriction on First Amendment rights. *United States v. O'Brien,* 391 U.S. 367, 88 S.Ct. 1673, 20 L.Ed.2d 672 (1968).

Furthermore, defendants' reliance on *Powell v. Texas,* 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968), in support of their argument that the statute impermissibly infringes on "free will" is misplaced. The "status" of being coconspirators bears no resemblance to either narcotics addiction, *Robinson v. California,* 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed. 2d 758 (1962), or alcoholism, *Powell v. Texas, supra.*

### 2. Misclassification of Cocaine

Defendants have contended that Congress' action in classifying cocaine as a narcotic drug for purposes of imposing penalties is unconstitutional. Under 21 U.S.C. § 841(b)(1)(A), convictions involving narcotic drugs subject defendants to a possible 15 years' imprisonment and a fine of $25,000. Under 21 U.S.C. § 841(b)(1)(B), the penalties for convictions involving nonnarcotic drugs are 5 years' imprisonment and a $15,000 fine. Section 802(16), 21 U.S.C., classifies cocaine as a narcotic drug, and 21 U.S.C. § 812(c), Schedule II (a)(4), includes cocaine as a controlled substance in Schedule II.

The essential premises of defendants' argument are that as a matter of scientific fact cocaine is not a narcotic drug similar to heroine and other opiates, and that it has no properties or effects which justify classifying it as a narcotic rather than a nonnarcotic stimulant. No affidavits have been filed which support these claims, although an evidentiary hearing is requested to show "the medical misclassification of cocaine." For the purpose of this motion, this Court will assume that as a matter of scientific fact cocaine is not a narcotic drug but that in law Congress has defined it as such.

Three recent decisions have dealt with this argument: *United States v. Hobbs,* 392 F.Supp. 444 (D.Mass. 1975); *United States v. Castro,* 16 Cr.L. 2511 (N.D.Ill. Feb. 12, 1975); and *United States v. Brookins,* 383 F.Supp. 1212 (D.N.J.1974). In each case, after agreeing that cocaine is not a narcotic in the medical or pharmacological sense of that term, the courts went on to hold that under the "rational basis" test of *United States v. Carolene Products Co.,* 304 U.S. 144, 153–154, 58 S.Ct. 778, 82 L.Ed. 1234 (1938), Congress could constitutionally classify cocaine as a narcotic drug for the purpose of imposing penalties. Use of the "rational basis" test of *Carolene Products* to test the classification is appropriate in light of the fact that even if cocaine were to be classified as a nonnarcotic drug, loss of liberty would be possible under 21 U.S.C. § 841(b)(1)(B). See also, *United States v. Smaldone,* 484 F.2d 311, 319–320 (10th Cir. 1973), cert. denied, 415 U.S. 915, 94 S.Ct. 1411, 39 L.Ed.2d 469 (1974); *United States v. Miller,* 387 F. Supp. 1097 (D.Conn.1975).

Since defendants have not identified any fundamental right upon which the challenged classification impinges, and the rationale of *Hobbs, Castro,* and *Brookins* is persuasive, defendants' attack on the classification of cocaine is rejected.

### 3. Notice of Penalties

Defendants' motion to dismiss Count I on the ground that it fails to apprise them of the penalties they might face upon conviction stems from the fact that Count I charges a conspiracy to possess with intent to distribute and to distribute both cocaine and d-amphetamine sulphate. Under 21 U.S.C. § 846, the penalty is "imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy." Since under 21 U.S.C. § 841(b)(1)(A) and (B) a cocaine offense carries a po-

tential penalty of 15 years' imprisonment and a $25,000 fine whereas a d-amphetamine sulphate offense has a possible penalty of 5 years' imprisonment and a $15,000 fine, defendants argue that they do not know the nature of the offense with which they are charged.

In *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590 (1974), the Court stated:

> " * * * an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar or future prosecutions for the same offense. * * * "

The indictment herein meets the *Hamling* test. Defendants have cited no authority for the proposition that an indictment must inform a defendant of the possible penalties he will face upon conviction. Indeed, in light of the power given sentencing courts to impose penalties less than the statutory maximums, no federal defendant knows exactly what his sentence will be upon conviction. Moreover, the defendants are apprised of the maximum penalty to which they may be subjected—15 years' imprisonment and a $25,000 fine. Defendants argument is, therefore, without merit.

*4. Unlawful Procurement*

In paragraph 2 of Count I it is alleged:

> "It was part of the conspiracy that MICHAEL AMIDZICH, PAMELA SUE BASTIAN and BRUCE CLARK WALTRESS would unlawfully procure and would arrange for the unlawful procurement of quantities of cocaine and amphetamine, * * * ."

Defendants argue that procurement of cocaine and amphetamine is not declared illegal anywhere in the Act and that Count I should be dismissed for failure to allege an offense.

This argument is frivolous. Count I charges a conspiracy to possess cocaine and d-amphetamine sulphate with intent to distribute and to distribute quantities of these drugs. Obviously, before something can be distributed, possession of it must be procured. The language quoted above is entirely unobjectionable.

*5. Listing of Cocaine and D-amphetamine Sulphate*

The defendants have moved to dismiss all counts of the indictment on the ground that they fail to allege an offense because the words "cocaine" and "d-amphetamine sulphate" are not listed in Schedule II of the Act.

The indictment, however, does not allege that these substances are listed in Schedule II but instead avers that they are Schedule II controlled substances. As for cocaine, 21 U.S.C. § 812(c) Schedule II (a)(4), defines as a Schedule II controlled substance:

> "Coca leaves and any salt, compound, derivative, or preparation of coca leaves, and any salt, compound, derivative, or preparation thereof which is chemically equivalent or identical with any of these substances, except that the substances shall not include decocainized coca leaves or extraction of coca leaves, which extractions do not contain cocaine or ecgonine."

Judicial notice is hereby taken that cocaine is a derivative of coca leaves. *Webster's Third New International Dictionary*, at 434 (G. & C. Merriam Co. 1966); 4 *Gray's Attorneys' Textbook of Medicine*, Ch. 132, at 132–181 (3d ed. 1974). Defendants' argument that Congress did not intend cocaine to be included within the language set out above is unmeritorious.

Concerning d-amphetamine sulphate, pursuant to the updating provisions of 21 U.S.C. § 812(a), 21 C.F.R. § 1308.12(d) includes the following as a Schedule II controlled substance:

> "*Stimulants*. Unless specifically excepted or unless listed in another schedule, any material, compound, mixture, or preparation which con-

tains any quantity of the following substances having a stimulant effect on the central nervous system:

(1) Amphetamine, its salts, optical isomers, and salts of its optical isomers ................1100
\* \* \*."

The Government has asserted that its evidence at trial will establish that d-amphetamine sulphate is included within this category of substances. The fact that the Government will have to prove this at trial is no basis for dismissal of any of the counts involving d-amphetamine sulphate, and defendants' motion is denied.

## MULTIPLICITY

Defendant Amidzich has filed a motion seeking an order dismissing Counts VI and VII or, alternatively, requiring the Government to elect which count it wishes to proceed on, arguing that the counts are multiplicitous. Count VI charges that on April 3, 1975, defendant Amidzich possessed 12 grams of cocaine with intent to distribute it and Count VII alleges that he possessed 2,300 tablets of d-amphetamine sulphate with intent to distribute on the same date. Defendant claims that the Government will attempt to prove that the offenses occurred at the same time and place and that Counts VI and VII are, therefore, fatally multiplicitous in that a single act of possessing controlled substances with intent to distribute them has been fractionated into two substantive offenses. He therefore invokes the rule of lenity and seeks dismissal or election. See, *Ladner v. United States,* 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199 (1958); *Bell v. United States,* 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955); *United States v. Universal C. I. T. Credit Corp.,* 344 U.S. 218, 73 S.Ct. 227, 97 L.Ed. 260 (1952).

The Government has not conceded that only a single act of possession will be shown at trial. In this situation, the Court's statement in *United States v. Universal C. I. T. Credit Corp., supra,* at 225, 73 S.Ct. at 231, is applicable:

" \* \* \* Whether an aggregate of acts constitute a single course of conduct and therefore a single offense, or more than one, may not be capable of ascertainment merely from the bare allegations of an [indictment] and may have to await the trial on the facts."

Defendant's motion to dismiss or elect will, therefore, be denied with leave to defendant to renew it at the conclusion of the trial, or following a verdict of guilty, if one is rendered, at the imposition of sentence. *United States v. Miller,* 387 F.Supp. 1097, 1099–1100 (D. Conn.1975).

## MOTION TO STRIKE

Defendants have also moved that the following paragraph of Count I be stricken:

"4. It was further part of the conspiracy that MICHAEL AMIDZICH, PAMELA SUE BASTIAN AND BRUCE CLARK WALTRESS would misrepresent, conceal, hide and cause to be misrepresented, concealed and hidden for purposes of any acts done in furtherance of the conspiracy."

This sentence is not so confusing and prejudicial to the defendants that it must be stricken. The language "for the purposes of" may be disregarded as mere surplusage, and, so read, the sentence does add weight to Count I. *Bridges v. United States,* 346 U.S. 209, 223, 73 S.Ct. 1055, 97 L.Ed. 1557 (1953); *United States v. Archer,* 455 F.2d 193, 194 (10th Cir. 1972). Defendants' motion is therefore denied.

It is therefore ordered that all of the motions for bills of particulars, disclosure, severance, dismissal, and to strike are denied.

It is further ordered that defendant Amidzich's motion for dismissal or election between Counts VI and VII is denied without prejudice.

It is further ordered that the motion to suppress as evidence property seized pursuant to a search warrant on April 3, 1975, is denied insofar as the motion challenges the sufficiency of the affidavit in support of the warrant.

It is further ordered that in order to resolve defendants' suppression motions, counsel for the parties shall meet and prepare a statement of relevant uncontested facts and a statement of contested facts, if any, which require the taking of testimony to resolve. Both statements must be filed with the court by August 22, 1975. Counsel for the Government shall have the burden of preparing and filing the statements.