**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Ronald Lee HARPER,**
**Defendant-Appellant.**

**No. 75–2993.**

United States Court of Appeals,
Ninth Circuit.

Feb. 9, 1976.
Rehearing and Rehearing En Banc
Denied March 25, 1976.

Michael Pancer (argued), San Diego, Cal., for defendant-appellant.

Bruce R. Castetter, Asst. U. S. Atty. (argued), San Diego, Cal., for plaintiff-appellee.

OPINION

Before CHAMBERS and WRIGHT, Circuit Judges, and EAST,* Senior District Judge.

PER CURIAM.

We affirm the conviction of petitioner Ronald Lee Harper for possession and dispensing of cocaine, rejecting his sole contention on appeal that the classification of cocaine as a Schedule II narcotic drug under 21 U.S.C. § 812(c) is arbitrary and irrational.

Numerous district courts have recently dealt with this argument. *United States v. Amidzich*, 396 F.Supp. 1140, 1147 (E. D.Wis.1975); *United States v. Hobbs*, 392 F.Supp. 444, 446 (D.Mass.1975); *United States v. DiLaura*, 394 F.Supp. 770, 773 (D.Mass.1974); *United States v. Brookins*, 383 F.Supp. 1212, 1217 (D.N.J. 1974). In all cases, the courts expressed the opinion that Congress had acted upon a constitutionally "rational basis" according to the test of *United States v. Carolene Products Co.*, 304 U.S. 144, 153–4, 58 S.Ct. 778, 784, 82 L.Ed. 1234, 1242 (1938), in so classifying cocaine for the purpose of imposing penalties. *See also United States v. Smaldone*, 484 F.2d 311, 319–20 (10th Cir. 1973), *cert. denied*, 415 U.S. 915, 94 S.Ct. 1411, 39 L.Ed.2d 469 (1974) and *United States v. Miller*, 387 F.Supp. 1097, 1098 (D.Conn.1975), where slightly different reasoning nonetheless led the courts to the same conclusion that Congress had not acted arbitrarily.

Petitioner's reliance upon the district court's decision in *United States v. Castro*, 401 F.Supp. 120 (N.D.Ill.1975), is misplaced. The court found no fundamental right of defendant involved [1] and therefore reasoned that the "rational basis" test of *Carolene, supra*, must be applied. The court then cited the language of *Brookins, supra*, observing that continuing medical debate, potential for societal harm, and general uncertainty as to whether Congress classified cocaine on more of a penal or medical basis, were grounds that could constitute the required rational basis for sustaining the statute. Although sympathetic to the argument that cocaine was misclassified as a narcotic, the court concluded that the consideration of any unresolved questions was better left to Congress and the Attorney General. We agree and affirm the conviction.

---

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

1. *See Duffy v. Wells*, 201 F.2d 503 (9th Cir. 1953).