**UNITED STATES of America**

v.

**Harry Richard SIAK.**

**Crim. No. 77–65.**

United States District Court,
W. D. Pennsylvania.

June 13, 1977.

**1036**

John Paul Garhart, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Alan Carb, Pittsburgh, Pa., for defendant.

## OPINION

ROSENBERG, District Judge.

This matter is now before me on a proffered plea of guilty to all or some of the three counts in an indictment charging the defendant, Harry Richard Siak, with violation of the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801 et seq.

The various counts in the indictment charge the defendant with possession and distribution of cocaine as a narcotic and included in Schedule II of the statute.

The defendant, however, conditions his proffered plea to a determination by me that cocaine is not a narcotic drug and as such should be treated in the same category as marijuana.

Additionally, in his brief the defendant argues that the classification of cocaine as a narcotic is irrational and arbitrary resulting in a deprivation of liberty and property without due process of law, and in denial of equal protection under the law contrary to the Constitution of the United States. The defendant, however, cites no law or cases to back up these conclusory allegations.

The defendant cites several cases, articles, magazines and the modern mores to base his assertion that cocaine is not a narcotic in the true sense of the word. Even assuming that I concur with his reasoning and beliefs, the facts still remain clear, that the Congress of the United States has not re-acted by reclassifying cocaine and I cannot circumvent its authority today by doing so myself.

The defendant insists that cocaine is not a narcotic. That it is incumbent upon me to accept his plea on a basis which would lessen the severity of the imposition of a sentence.

Congress has defined cocaine as a narcotic drug under the Act at 21 U.S.C. § 802(16) which states:

"(16) The term 'narcotic drug' means any of the following, whether produced directly or indirectly by extraction from substances of vegetable origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis:

(A) Opium, coca leaves, and opiates.

(B) A compound, manufacture, salt, derivative, or preparation of opium, coca leaves, or opiates.

(C) A substance (and any compound, manufacture, salt, derivative, or preparation thereof) which is chemically identical with any of the substances referred to in clause (A) or (B).

Such term does not include decocainized coca leaves or extracts of coca leaves, which extracts do not contain cocaine or ecgonine."

While not referring to cocaine expressly, I take judicial notice that cocaine is a coca leaves derivative (Webster's Third New International Dictionary at page 434) and therefore considered a narcotic for the purposes of the Act.

Listed on Schedule II of Schedules of controlled substances is the following, 21 U.S.C. § 812(c), Schedule II(a)(4):

"(4) Coca leaves and any salt, compound, derivative, or preparation of coca leaves, and any salt, compound, derivative, or preparation thereof which is chemically equivalent or identical with any of these substances, except that the substances shall not include decocainized coca leaves or extraction of coca leaves, which extractions do not contain cocaine or ecgonine."

Again, cocaine is a derivative of coca leaves.

Being classified as both narcotic and Schedule II drug, the distribution or possession of cocaine is therefore a prohibitive act for which there is a penalty under 21 U.S.C.

§ 841(b)(1)(A) and not subsection (B) as the defendant would have us analogize it to distribution or possession of marijuana.

 While modern medicine may struggle with the definitions, theory and effect of cocaine, and others preach of liberalization and reform, my obligation is to perform under the mandate of Congress and to this I will adhere. Congress classifies cocaine as a narcotic and a Schedule II drug and as such the appropriate penalties will be imposed for any violations of their control. *United States v. Harper,* 530 F.2d 828, C.A.9, 1976; *United States v. Smaldone,* 484 F.2d 311, C.A.10, 1973; *United States v. Umentum,* 401 F.Supp. 746 (D.C.Wis.1975); *United States v. Castro,* 401 F.Supp. 120 (D.C.Ill.1975); *United States v. Amidzich,* 396 F.Supp. 1140 (D.C.Wis.1975); *United States v. DiLaura,* 394 F.Supp. 770 (D.C. Mass.1974); *United States v. Hobbs,* 392 F.Supp. 444 (D.C.Mass.1975); *United States v. Miller,* 387 F.Supp. 1097 (D.C.Conn.1975); *United States v. Brookins,* 383 F.Supp. 1212 (D.C.N.J.1974).

The defendant also makes a vain attempt in alleging constitutional infirmities with the present classification of cocaine. However, there is an obvious rational basis for its classification as a Schedule II drug and its reason for being controlled to prevent abuse. Any deprivation under the Fifth Amendment or any violation of the Equal Protection Clause is minimal and negated when balanced against the Government's concern in controlling an abusive drug. *United States v. Castro, supra; United States v. Amidzich, supra; United States v. Brookins, supra.*

What the defendant urges is that I alter both the Congressional statute and the indictment. This I cannot do. I must accept both as they come before me and as they charge the defendant. Should the defendant continue to disagree with Congress and the wording of the indictment that his violation of the statute dealt with cocaine as a narcotic, it will be incumbent upon him not to plead and to stand trial upon the factual or legal aspects as he raises them and as he might be able to prove them.

If he desires to plead guilty, the plea must be to the indictment as it is based upon the statute as Congress wrote it. In this sense only is it appropriate for me to accept a plea and to make a fair and just determination of an appropriate sentence in accord with the law and as the facts present themselves in the case. Under the circumstances the defendant may choose to stand on his plea of not guilty and go to trial, or plead to the indictment as it is written. Should he make the choice, he will do so within the next ten (10) days and notify the Clerk so that the matter may proceed as quickly as possible.