## Commonwealth v. Wenrich

*David Dautrich,* assistant district attorney for the Commonwealth.

*William R. Bernhart,* for defendant.

EDENHARTER, *P.J.,* May 2, 1982—Defendant was found guilty by a jury of possession of a Schedule I Controlled Substance, i.e. hashish, possession of a Schedule II Controlled Substance, i.e. cocaine, and possession with intent to deliver a Schedule II

568

Controlled Substance, i.e. cocaine.[1] In his post verdict motions, defendant asserts, inter alia[2] that the trial court erred in refusing to direct a verdict of not guilty, and that the suppression court erred in refusing to suppress physical evidence, i.e. hashish, cocaine and various identification papers, and certain statements made by defendant.

Defendant contends that the Commonwealth did not meet its burden of proof by failing to establish that cocaine is a controlled substance, and that on this basis the trial judge should have directed a-verdict of not guilty. We find no merit in this contention.

The Controlled Substance, Drug, Device and Cosmetic Act defines Schedule II Substances at §104(2)(i)(4) to include:

"4. Coca leaves and any salt, compound, derivative, or preparation of coca leaves, and any salt, compound, derivative, or preparation thereof which is chemically equivalent or identical with any of these substances, but shall not include decocainized coca leaves or extracts of coca leaves, which extracts do not contain cocaine or ecgonine."

While the statute does not refer to cocaine expressly, we take judicial notice that cocaine is commonly defined as a derivative of coca leaves,[3] and therefore considered a Schedule II Controlled Substance for the purposes of the statute. U.S. v. Siak,

---

[1] Act of April 14, 1972, P.L. 233, No. 64, §1, Eff. June 14, 1972; 35 P.S. §780-113(a), §§31, 16 and 30, respectively.

[2] Defendant's boiler plate statements in his motion, that the verdict was against the weight of the evidence, the weight of the law, and the charge of the court were not briefed nor argued, and are therefore conclusively abandoned. See Commonwealth v. Dessus,    Pa. Super.   , 398 A.2d 1254 (1978).

[3] Webster's Third New International Dictionary (1968), page 434.

432 F. Supp. 1035 (U.S.D.C., W. Dist., Pa., 1977). Thus, once the Commonwealth established that the substance possessed by defendant was, in fact, cocaine, its burden of proving that defendant was in possession of a Schedule II Controlled Substance was met. In this context, defendant was not entitled to a directed verdict.

Defendant also raises the issue that the suppression court erred in refusing to suppress physical evidence and statements. We conclude that the findings and conclusions of the suppression court were proper and that this issue is also without merit. Accordingly, defendant's motion for new trial and/or arrest of judgment shall be dismissed.

## ORDER

And now, May 20, 1982, after argument held thereon, the motions of defendant Ricky Barth Wenrich for a new trial and in arrest of judgment are dismissed.