**UNITED STATES of America**

**v.**

**Domenic ISABELLA, also known as Florio D. Isabella**

**and**

**Charles Kinteris.**

**Cr. No. 62–307–C.**

United States District Court
D. Massachusetts.

Oct. 24, 1962.

W. Arthur Garrity, Jr., U. S. Atty., William J. Koen, Asst. U. S. Atty., for the United States.

Joseph Oteri, S. Myron Klarfeld, Boston, Mass., for defendant.

CAFFREY, District Judge.

Domenic Isabella and Charles Kinteris each was named as a defendant in a five-count indictment. Counts 1 and 3 charged each defendant with violation of 26 U.S.C. § 4705(a). Counts 2 and 4 charged each defendant with violation of 21 U.S.C. § 174. Count 5 charged each defendant with violation of 26 U.S.C. § 7237, in that he allegedly conspired with other persons to violate both of the above-named statutes. Both defendants have filed motions to dismiss under Rule 12(f) [sic] of the Federal Rules of Criminal Procedure, on the ground that each count of the indictment is duplicitous.

26 U.S.C. § 4705(a) is expressed in the disjunctive, and provides as follows:

> "It shall be unlawful for any person to sell, barter, exchange, or give away narcotic drugs except in pursuance of a written order of the person to whom such article is sold, bartered, exchanged, or given, on a form to be issued in blank for that purpose by the Secretary or his delegate."

Counts 1 and 3 of the indictment are expressed in the conjunctive and charge that defendants "did sell and exchange * * * heroin, a narcotic drug." It has been firmly settled that an indictment is not vitiated by duplicity merely because framed in conjunctive averments which closely follow the language of the statute upon which the indictment is based. The contention that such an indictment is duplicitous was rejected by the Supreme Court of the United States in 1896, in Crain v. United States, 162 U.S. 625, at p. 636, 16 S.Ct. 952, at p. 955, 40 L.Ed. 1097, where the Court said:

> "The statute was directed against certain defined modes for accomplishing a general object, and declared that the doing of either one of several specified things, each having reference to that object, should be punished * * *. We perceive no sound reason why the doing of the prohibited thing, in each and all of the prohibited modes, may not be charged in one count, so that there may be a verdict of guilty upon proof that the accused had done any one of the things constituting a substantive crime under the statute. And this is a view altogether favorable to an accused. * * * "

This reasoning also disposes of defendants' contentions with regard to Counts 2 and 4, based on 21 U.S.C. § 174, which likewise is expressed in the disjunctive, while Counts 2 and 4 are expressed in the conjunctive.

To the same effect as the Crain case, but fifty years younger, see Price v. United States, 150 F.2d 283, 285 (C.A. 5, 1945):

"When several acts specified in a statute are committed by the same person, they may be coupled in one count as together constituting one offense although a disjunctive word is used in the statute, and proof of any one of the acts joined in the conjunctive is sufficient to support a verdict of guilty. So where as here, the indictment charged that the defendant did unlawfully remove, deposit, and conceal, it was enough to prove any one."

See, also, Wolpa v. United States, 86 F. 2d 35 (C.A. 8, 1936) and Ackley v. United States, 200 F. 217 (C.A. 8, 1912).

 With regard to Count 5, suffice it to say that a count is not duplicitous which charges a defendant or defendants with conspiring to commit more than one crime. Frohwerk v. United States, 249 U.S. 204, 209, 39 S.Ct. 249, 63 L.Ed. 561 (1918); 26 F.R.D. 23, at 32.

Both motions to dismiss are denied.