**UNITED STATES of America, Plaintiff,**

**v.**

**Mark DiLAURA, Defendant.**

**Crim. A. No. 74–133–M.**

United States District Court, D. Massachusetts.

Dec. 11, 1974.

Charles E. Chase, Asst. U. S. Atty., for plaintiff.

Norman S. Zalkind, Boston, Mass., for defendant.

*Memorandum and Order*

MURRAY, District Judge.

The defendant DiLaura has moved to dismiss an indictment returned April 18, 1974 charging him in Count I with conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, and in Count II with possession of cocaine with intent to distribute and the distribution of it in violation of 21 U.S.C. § 841(a)(1). He alleges that Count II is duplicitous; that 21 U.S.C. § 841 penalizes a state of mind

in violation of the Fifth Amendment; and that 21 U.S.C. §§ 802, 812 and 841 deny the defendant due process of law and equal protection of the laws because the classification of cocaine in the same category as opium and opiates, and the salts thereof, is arbitrary and irrational, and therefore Counts I and II may not constitutionally be enforced against him. In support of the motion defendant has submitted the affidavits of physicians, and other persons, all of the general tenor that cocaine has been misclassified as a narcotic drug, and an extensive brief of argumentation with an appendix. The Government opposes the motion. Upon consideration of the motion and the affidavits in support thereof, the Government's opposition and the references in its statement of opposition, and the case law, an order shall enter denying the motion on all grounds alleged therein.

## I

██ There is no merit to defendant's contention that Count II is duplicitous on the ground the acts alleged constitute two separate and distinct offenses. An indictment is not defective because it is framed in conjunctive allegations which follow substantially the language of the statute on which the indictment is based. Crain v. United States, 162 U.S. 625, 636–37, 16 S.Ct. 952, 40 L.Ed. 1097 (1896); United States v. Isabella, 210 F.Supp. 281, 282–83 (D. Mass.1962).

## II

██ There is no merit to defendant's contention that 21 U.S.C. § 841 penalizes a state of mind in violation of the Fifth Amendment. Congress could reasonably find a distinction between the mere act of possession of a Schedule II drug, 21 U.S.C. § 844, and possession of the drug with intent to distribute it, 21 U.S.C. § 841, as related to personality, social and economic factors. Thus Congress could rationally provide for different penalties in seeking to control distribution and traffic in Schedule II drugs.

## III

██ The defendant has submitted numerous affidavits in support of the principal ground on which his motion to dismiss rests, viz., the arbitrary and irrational classification of cocaine as a narcotic drug and the consequent denial of his right to due process and equal protection of the laws, and therefore no evidentiary hearing is required. United States v. Smaldone, 484 F.2d 311, 319–20 (10th Cir. 1973), cert. denied, 415 U.S. 915, 94 S.Ct. 1411, 39 L.Ed.2d 469 (1974); United States v. Brookins and Gueche, 383 F.Supp. 1212 (D.N.J.1974). The constitutional attack here upon the statute depends upon the existence of facts which are neither matters of common knowledge nor within the sphere of specialized judicial notice. The fields of inquiry, rather, are medical and scientific. The appropriate standard to be applied in determining the issue raised by defendant is therefore restricted to ascertaining whether there exists any state of facts which can be shown or which could reasonably be assumed to provide support for the classification selected by Congress. Marshall v. United States, 414 U.S. 417, 427–28, 74 S.Ct. 700, 38 L.Ed.2d 618 (1974); United States v. Maryland Savings-Share Ins. Corp., 400 U.S. 4, 6, 91 S.Ct. 16, 27 L.Ed.2d 4 (1970); United States v. Gainey, 380 U.S. 63, 66–67, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965); United States v. Carolene Products Co., 304 U.S. 144, 153–54, 58 S.Ct. 778, 82 L.Ed. 1234 (1938).

Cocaine is a Schedule II controlled substance, in that Congress has found that (1) the drug or other substance has a high potential for abuse, (2) it has a currently accepted medical use in treatment in the United States or a currently accepted medical use with severe restrictions, and (3) abuse thereof may lead to severe psychological or physical dependence. 21 U.S.C. § 812(b)(2).

■ 1. There is no merit to defendant's contention that the classification of cocaine within the definition of the term "narcotic drug", 21 U.S.C. § 802 (16), is arbitrary and irrational. Conceding that the statutory definition is broader than the dictionary definition, Congress is not required to follow the latter in applying the term to a number of different classes of drugs for purposes of legal control. *See* The Challenge Of Crime In A Free Society, 212 (1967).

■ 2. The affidavits demonstrate that some members of the medical profession, and other persons of professional competence, disagree with the findings of Congress about cocaine use, and the court assumes the good faith of those who have submitted the affidavits. It is common knowledge, however, that it is not unusual for members of the medical profession to disagree among themselves about the role that drugs of various classes play as causative and contributing factors in antisocial behavior and the commission of criminal acts. Simultaneously, there exists a respectable body of opinion held by pharmacologists, and other competent professionals, as to the effects of cocaine use, and the results of cocaine misuse and abuse as related to personality and social factors.[1] Insofar as there exist facts which reasonably support findings and conclusions that cocaine use leads to effects which pose serious problems for the community, the measures chosen by Congress to deal with the causes and effects reflect a societal policy which the courts are bound to observe. Marshall v. United States, *supra; cf.* United States v. Foss, 501 F. 2d 522, 530 (1st Cir. 1974).

---

[1]. Working Papers of the National Commission on Reform of Federal Criminal Laws, 1085 (1970), states:

> Cocaine is a powerful stimulant. While it does not cause physical dependence, a very strong psychological dependence upon cocaine can be developed. In the United States it is usually taken by heroin addicts in combination with heroin—as a "speedball," but occasionally people take it alone. It is not more often used alone because it may produce acute anxiety and may precipitate psychotic episodes. While aggressive and violent behavior during such psychotic states has been attributed to cocaine, it has been suggested that the drug may only bring out what is already present in the individual. The drug has only limited medical use, being used chiefly as a local anesthetic, particularly for conditions of the eye and skin. While it may be diverted from illicit channels, it is generally unlawfully imported from Latin America. Its price in the illicit market is usually extremely high. It should be classified as a dangerous drug because it may precipitate acute anxiety and psychotic episodes, and there is a strong possibility that such episodes may involve aggressive or violent behavior.

An article by a panel of distinguished pharmacologists, "Drug Dependence: Its Significance and Characteristics", 32 World Health Organization Bulletin, 721 (1965), states:

> Diminished need for cocaine as a local anaesthetic and control of the world supply has reduced the total illicit use of this drug, but coincidentally there has developed a most dangerous type of abuse—intravenous injection. In the most advanced form, this type of abuse involves administration at frequent intervals, as short as 10 minutes, the user desiring the ecstatic thrills associated with this practice. This type of abuse appeals particularly to persons with psychopathic tendencies, which are often unmasked by the drug. The induced feeling of great muscular and mental strength leads the individual to overestimate his capabilities. This, associated with paranoid delusions and auditory, visual and tactile hallucinations, often makes the user a very dangerous individual, capable of serious antisocial acts. Digestive disorders, nausea, loss of appetite, emaciation, sleeplessness, and occasional convulsions are commonly experienced by cocaine abusers of this type. Long-standing, continuing misuse of cocaine alone at a high level is rare, however. The user reaches such a state of excitement that he voluntarily seeks sedation. A frequent current practice is to antagonize the exciting effects by the alternate administration of morphine or some other depressant drug, or by the injection of the two types of drug in combination, the cocaine-heroin mixture ("speedball") being particularly popular.