The UNITED STATES
v.
Harry M. HOBBS et al.
Crim. No. 74–129–T.

United States District Court,
D. Massachusetts.
Feb. 26, 1975.

---

## MEMORANDUM AND ORDER

TAURO, District Judge.

Defendants are charged in a two count indictment with conspiracy to distribute cocaine and with possession with intent to distribute and distribution of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846; 18 U.S.C. § 2. They have filed motions to dismiss on grounds that count 2 of the indictment is duplicitous; that the statute, 21 U.S.C. § 841(a)(1), penalizes a state of mind; and that the classification of cocaine as a narcotic drug is irrational. For the reasons stated below, the motion to dismiss is denied.

All arguments presented in this motion to dismiss were recently raised in United States v. DiLaura, 394 F.Supp. 770 (D.Mass.1974). The basic claim of defendants—that cocaine has been misclassified—was also raised in United States v. Brookins, 383 F.Supp. 1212 (D.N.J.1974). In fact, several of the affidavits submitted in support of this motion to suppress were also used in those cases. The question has also been addressed by the Tenth Circuit in United States v. Smaldone, 484 F.2d 311, 319–20 (10th Cir. 1973), cert. denied, 415 U.S. 915, 94 S.Ct. 1411, 39 L.Ed.2d 469 (1974). These courts have consistently rejected the claims raised here.

I

■■ Count II of the indictment is not duplicitous.[1] An indictment is not defective because it is framed in conjunctive allegations that follow substantially the language of the statute upon which the indictment is based. United States v. DiLaura, *supra*; United States v. Isabella, 210 F.Supp. 281 (D.Mass. 1962).

■ The claim that 21 U.S.C. § 841 penalizes a state of mind in violation of

Charles E. Chase, Boston, Mass., for the United States.

Norman Zalkind, Eric Blumenson, Boston, Mass., for Bialy.

William P. Homans, Jr., Boston, Mass., for Hobbs.

James M. Pool, Boston, Mass., for Byrne.

James J. Doherty, Boston, Mass., for Villa.

1. Count II of the Indictment charges:

   That on or about the twelfth day of April, 1974, at Boston, in the District of Massachusetts HARRY M. HOBBS, TIMOTHA J. BIALY, RICHARD VILLA, and WALTER R. BYRNE, a/k/a JOHN W. DOCKENDORFF knowingly and intentionally did unlawfully possess with intent to distribute, and distribute, a quantity of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

the Fifth Amendment is also without merit. "Congress could reasonably find a distinction between the mere act of possession of a Schedule II drug, 21 U.S.C. § 844, and possession of the drug with intent to distribute it, 21 U.S.C. § 841 . . . ." United States v. DiLaura, *supra*. Since a major aspect of the drug problem is the pervasive and extensive drug market, Congress could rationally differentiate between mere possession and those who deal in the drug as traffickers—possession with intent to distribute.

## II

Defendants' primary claim in support of the motion to dismiss is that cocaine is not a narcotic, that it has been misclassified by Congress, and that the present classification is without rational foundation. This misclassification, they claim, deprives them of due process of law in violation of the Fifth Amendment. Defendants concede from the outset that cocaine is a drug of abuse, and that Congress could legitimately penalize possession and distribution of the drug. Their basic attack is only that, classified as a narcotic, the penalties that attach to cocaine are disproportionate to the dangerousness of the drug. Defendants claim that the pharmocological properties of cocaine are more closely related to amphetamines than narcotics since cocaine acts as a stimulant. From this premise, they argue that cocaine should be classified with amphetamines for penalty purposes. Accordingly, they also assert that misclassification of cocaine deprives them of equal protection in violation of the Fifth Amendment, *see* Bolling v. Sharpe, 347 U.S. 497, 74 S.Ct. 693, 98 L.Ed. 884 (1954), since possession and distribution of pharmocologically similar drugs is treated differently for penalty purposes.

Since defendants argue only that the maximum penalty should be five years instead of fifteen years, the Government has asserted that the present motion to dismiss is premature since they may never be subject to the greater penalties.

*See* United States v. Brookins, 383 F. Supp. 1212 (D.N.J.1974); United States v. Thorne, 325 A.2d 764 (D.C.App.1974). Although this argument has considerable force, no useful purpose would be served by deferring this decision since the court must conclude, in any case, that the defendants' argument is without merit.

█ The Government does not challenge the initial premise of defendants' argument—that cocaine is a stimulant, not a narcotic. "The issue then . . . is whether Congress can rationally classify cocaine, a non-narcotic central nervous stimulant, as a narcotic for penalty and regulatory purposes." United States v. Brookins, 383 F.Supp. at 1214. Whether couched in due process or in equal protection terms, the appropriate standard of review for this challenge, is the minimum rationality test articulated in United States v. Carolene Products Co., 304 U.S. 144, 153, 58 S.Ct. 778, 784, 82 L.Ed. 1234 (1938). "Whether any state of facts either known or which could reasonably be assumed affords support for [the classification]." *See* McGinnis v. Royster, 410 U.S. 263, 270, 93 S.Ct. 1055, 35 L.Ed.2d 282 (1974). Defendants' argument that a higher standard of review is required because their liberty is at stake is without merit. Even if classified as a non-narcotic they would still be subject to loss of liberty. Since penal classifications are tested under the rational basis test, the argument must be rejected. United States v. Brookins, 383 F.Supp. at 1216.

In classifying cocaine as a narcotic drug, 21 U.S.C. § 802(16), Congress was not required to accept the pharmocological definition of a narcotic. Thus, the numerous affidavits submitted by defendants' experts are of limited relevance since they tend to establish only that cocaine is not a narcotic in pharmocological classifications. The sole question presented is whether there is some rational basis for the *statutory* classification of cocaine as a narcotic. In United States v. Brookins, the court pointed out that there was some evidence that

Congress was aware of the discrepancy between the legal and pharmacological classifications of cocaine at the time of the hearings immediately preceding the 1970 Act, but retained the "narcotic" classification of cocaine for control and penalty purposes because of "its established capacity as a dangerous drug, (and) its long association with heroin in the illicit market." 383 F.Supp. at 1216.

There are any number of rational bases which can be assumed under the *Carolene* test in upholding the congressional classification of cocaine as a narcotic for penalty purposes. Congress may have concluded that since the price of cocaine on the illicit drug market is extremely high, it is more likely to attract major drug traffickers or provide a source of revenue for organized crime. Congress may have concluded that a high-profit enterprise must also be treated as a high-risk enterprise in order to effectively deter criminal activity in this market. Congress may have retained the "narcotics" classification because of the paucity of scientific data concerning the use and effect of cocaine, or because it is used by drug abusers either alone or in combination with heroin, or in furtherance of treaty obligations. *See* 21 U.S.C. § 801(7). These considerations, either singly or in combination, provide an ample foundation for finding that the congressional classification of cocaine as a narcotic has a rational basis.

To the extent that the defendants have argued for reclassification of cocaine on the basis of newly-discovered scientific evidence, their argument has been presented to the wrong branch of Government. Congress has the power to reclassify cocaine. Congress has delegated that power to the Attorney General, 21 U.S.C. § 811(a)(1). The existence of an established reclassification mechanism underscores the impropriety of this court taking such action. *See* United States v. Foss, 501 F.2d 522, 530 (1st Cir. 1974).

Since there is a rational basis for the classification of cocaine as a narcotic for control and penalty purposes, the court holds that this classification does not violate the defendants' Fifth Amendment rights. Accordingly, the motion to dismiss is hereby denied.

So ordered.