**UNITED STATES of America, Plaintiff,**
**v.**

**Ralph Norman DYER, Michael John Marchiondo, Don P. Garcia and Delnita L. Peterson, Defendants.**

**No. CR 83–230.**

United States District Court,
D. New Mexico.

Dec. 28, 1983.

William L. Lutz, U.S. Atty., and Don J. Svet, First Asst. U.S. Atty., Albuquerque, N.M., for plaintiff.

Michael Alarid, Jr., and Timothy Padilla, Albuquerque, N.M., for defendant Delnita L. Peterson.

## ORDER

BALDOCK, District Judge.

THIS MATTER having come on for consideration of defendant Delnita L. Peterson's Motion to Suppress Statements and Motion to Suppress, and the court, having reviewed the text of each motion, the relevant law, and otherwise being advised fully in the premises, finds that each Motion is not well taken and should be denied without a hearing.

An evidentiary hearing on a Motion to Suppress is not granted as a matter of course. F.R.Crim.P. 12(c) (Court may set a date for hearing, if required.). Such a hearing is required only when the defendant alleges facts, "sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." *Cohen v. United States*, 378 F.2d 751, 761 (9th Cir.), *cert. denied*, 389 U.S. 897, 88 S.Ct. 217, 19 L.Ed.2d 215 (1967). Furthermore, the Defendant's Motion must raise factual allegations which, if established, would warrant relief. *Grant v. United States*, 282 F.2d 165, 170 (2nd Cir.1960). These allegations must be more than "general and conclusory or based upon suspicion and conjecture." *Cohen*, 378 F.2d at 760. There must be some specific factual basis underlying the defendant's constitutional theory of suppression. At a minimum, this is necessary to alert the court what wrong the defendant complains of.

Whether to hold an evidentiary hearing on a defendant's allegations is determined by the trial judge on a case by case basis. *United States v. Poe*, 462 F.2d 195, 197 (5th Cir.1972). In the instant case, the defendant has failed to accompany either motion with a memorandum of points and authorities which integrates the facts

of this case with the law. The Memorandum in Support of Defendant's Motion to Suppress merely cites two constitutional provisions and *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). No effort is made to explain and apply the law to this case. The Memorandum in Support of Defendant's Motion to Suppress Statements, though longer, is more a tribute to word processing and copying equipment than to counsel's ability to evaluate and analyze the facts of this particular case and apply the law to reach a conclusion. This "canned" memorandum, which in theory might apply to every criminal case, is of no help to the court.

Further, neither motion itself incorporates sufficient factual detail. The defendant merely asserts within each motion conclusory allegations. Such allegations do not require a hearing.

WHEREFORE, IT IS ORDERED that defendant Delnita L. Peterson's Motion to Suppress Statements and Motion to Suppress be, and the same hereby are, denied.