Decided November 18, 1987

238

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
COMMONWEALTH TRIAL COURT

COMMONWEALTH OF THE NORTHERN )    TRAFFIC CASE NO. 87-1907
MARIANA ISLANDS,              )
                              )
           Plaintiff,         )
                              )        **ORDER DISMISSING**
      vs.                     )        **MOTION TO SUPPRESS**
                              )
EUNG CHAN KIM,                )
                              )
           Defendant.         )
_____)

The defendant has filed a motion to suppress evidence and statements surrounding his arrest and detention for drunk driving. For the reasons stated herein, the court declines to consider the motion and dismisses it.

## THE MOTION

The supporting affidavit of the defendant simply states that he was arrested for drunk driving, he was not under the influence of alcohol, and that the stop by the police and his arrest were not supported by either reasonable suspicion or probable cause and therefore unconstitutional.

The memorandum of points and authorities filed with the motion sets forth the standard requirements for a valid stop and subsequent arrest.

**239**

## REQUIREMENTS FOR MOTION TO SUPPRESS EVIDENCE

An evidentiary hearing is required on a motion to suppress only when necessary to receive evidence on an issue of fact. The party requesting a hearing bears the burden of showing that there are disputed material facts. Matter of Searches and Seizures Conducted, etc., (7th Cir., 1981) 665 F.2d 775, 776.

Evidentiary hearings are not held as a matter of course, but are held only when the defendant alleges sufficient facts which, if proven, would justify relief. U.S. v. Harrelson, (5th Cir., 1983) 705 F.2d 733, 737.

Factual allegations set forth in the defendant's motion, including any accompanying affidavits, must be "sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." U.S. v. Poe, (5th Cir., 1972) 462 F.2d 195, 197, cert. denied, 414 U.S. 845, 94 S.Ct. 107, 38 L.Ed.2d 83 (1973); (quoting from Cohen v. U.S., (9th Cir., 1967) 378 F.2d 751, 761, cert. denied, 389 U.S. 897, 88 S.Ct. 217, 19 L.Ed.2d 215 (1967)). General or conclusionary assertations, founded upon mere suspicion or conjecture, will not suffice. U.S. v. Migely, (1st Cir., 1979) 596 F.2d 511, 513; 3 C. Wright, Federal Practice and Procedure: Criminal 2d, § 675 (1982).

With regard to accompanying affidavits, it should be noted that the affidavit is no place for ultimate facts or conclusions of law. 6 Moore's Federal Practice, Pt.2, ¶ 56.22[1] at 56-1316 (Supp., 1979) and cases cited therein.

**240**

Opinion testimony that would not be admissible, if testified to at trial, may not properly be set forth in an affidavit. DePinto v. Provident Sec. Life Ins. Co., (9th Cir., 1967), 374 F.2d 50, 55. More is required of an affiant than legal conclusions. Doff v. Brunswick Corp., (9th Cir., 1967) 372 F.2d 801, 804. When utlimate facts of law appear in an affidavit which also contains the proper subject of affidavit testimony, facts within the personal knowledge of the affiant, the extraneous material should be disregarded and only the facts considered. A.L. Pickens Co. v. Youngstown Sheet and Tube Co., (6th Cir., 1981) 650 F.2d 118, 121.

Inherent in the flexible guidelines on a motion to suppress is a judicial recognition that the determination of whether a hearing is required on a motion to suppress is necessarily dependent upon the particular facts which attend a particular request, and the court is properly left with a certain amount of discretion in this regard. U.S. v. Losing, (8th Cir., 1976) 539 F.2d 1174, 1178.

CONCLUSION

The affidavit of the defendant fails to allege any facts which, if proven, would justify relief. In such a case, the court need not even entertain the motion.

Defendant's motion to suppress is denied.

Dated at Saipan, CM, this 18th day of November, 1987.

Robert A. Hefner, Chief Judge