**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 29, 2012

Lyle W. Cayce
Clerk

No. 11-60334

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KERMIT OMAR ROGERS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:09-CR-139-1

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

This is a direct appeal from a felony conviction for possession with intent to distribute in excess of fifty grams of crack cocaine in violation of 21 U.S.C. § 841(a), (b)(1)(a). Appellant challenges the denial of his motion for suppression of the evidence, arguing that the district court erred in denying an evidentiary hearing on the motion. Because the district court erred in failing to hold an evidentiary hearing on the motion to suppress, we VACATE and REMAND for further proceedings.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60334

## I.     BACKGROUND

On June 17, 2009, law enforcement officers executed a search warrant at Appellant Kermit Rogers's home in Lee County, Mississippi.   The officers discovered:  (1) 5.89 grams of crack cocaine in a recliner in Rogers's house; and (2) 189.73 grams of crack cocaine and a firearm in Rogers's truck.  Rogers was then charged with possession with intent to distribute in excess of fifty grams of a substance containing cocaine base.  Rogers filed a motion to suppress the evidence that was discovered in his truck.[1]  The warrant had allowed a search of the following:  "320 CR 401, Shannon, Lee County, Mississippi, together with all approaches and appurtenances thereto.  Also, all vehicles and out buildings on the property."   In his motion to suppress, Rogers argued that his truck was not parked "on the property" set forth in the warrant; instead, his truck was parked on an adjacent property that has an address the same as his address, except there is an "A" after "320."

Prior to the district court ruling on the motion to suppress, Rogers entered a conditional plea of guilty.  The plea agreement provided that "[p]ursuant to Rule 11(a)(2), of the Federal Rules of Criminal Procedure, the defendant, Kermit Omar Rogers, reserves the right to appeal the adverse determination of his motions to suppress."  Subsequently, the district court denied the motion to suppress without holding an evidentiary hearing. The district court accepted the guilty plea and sentenced Rogers to 120 months of imprisonment.  Rogers now appeals.

## II.     EVIDENTIARY HEARING

Rogers contends that the district court erred in denying the motion to suppress without an evidentiary hearing because the critical facts are in

---

[1]   Rogers had also filed a motion to suppress certain statements that he had made to authorities, but the denial of that motion is not before us on appeal.

dispute.[2] "Evidentiary hearings are not granted as a matter of course, but are held only when the defendant alleges sufficient facts which, if proven, would justify relief." *United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983). The court must determine whether the allegations set forth in the defendant's motion, including any accompanying affidavits, are "sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." *Id*. (internal quotation marks and citations omitted). If so, a hearing is required. *Id*.; *United States v. Smith*, 546 F.2d 1275, 1279-80 (5th Cir. 1977); *United States v. Poe*, 462 F.2d 195, 197 (5th Cir. 1972). We review a district court's decision not to conduct an evidentiary hearing for abuse of discretion. *Harrelson*, 705 F.2d at 737. If the district court erred in failing to conduct an evidentiary hearing, the error is subject to the harmless error standard. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003).

The district court recognized that the parties disputed whether the truck was parked on the property as specified in the search warrant. The court ruled that even assuming the officers mistakenly searched Rogers's truck, the search was conducted in good faith. The court further stated that "at the time officers searched defendant's vehicle, they had already uncovered crack cocaine in his residence, which seemingly gave them probable cause to search his vehicle, even without a search warrant." Finally, the court ruled that "officers were entitled

---

[2] As set forth previously, in his plea agreement, Rogers reserved the right to appeal the adverse determination of his motion to suppress. *See* FED. R. CRIM. P. 11(a)(2). In his motion to suppress, Rogers set forth a list of evidence—including photographs, deeds, public records, and utility bills—demonstrating that two separate properties had been searched pursuant to the warrant; however, only one address was listed in the search warrant. Rogers represented to the court that he "would show" that the officers illegally seized evidence on the property that was separate from the address of the property identified in the search warrant. He concluded by asking the court to hear and grant his motion to suppress. Under these circumstances, we are persuaded that the issue regarding the failure to conduct an evidentiary hearing is sufficiently preserved for appellate review. *Cf. United States v. Nikonova*, 480 F.3d 371, 375 & n.5 (5th Cir. 2007) (ruling that by preserving the issue on the merits, the defendant had preserved the right to the implied remedy).

to assume that defendant's own vehicle parked in close proximity to his house was parked on his property."

In support of his motion to suppress, Rogers submitted photographic evidence showing that the two adjacent properties had their different street addresses posted in plain sight. Rogers also submitted a copy of his signed statement (witnessed by two police officers) that his truck was parked on the adjacent property not listed in the warrant. Rogers has made "sufficiently definite" allegations to demonstrate that he has a substantial claim that the truck was not parked on the property as set forth in the warrant. *Harrelson*, 705 F.2d at 737.

The Supreme Court has held that police officers do not necessarily violate the Fourth Amendment when they mistakenly execute a search warrant at the wrong address. *Maryland v. Garrison*, 480 U.S. 79, 88 (1987). In that case, officers had a warrant to search the third floor premises. The officers did not know that the third floor had two apartments until after they began their search. Ultimately, after recognizing that the officers made an honest mistake, the Supreme Court concluded that the "officers' conduct was consistent with a reasonable effort to ascertain and identify the place intended to be searched within the meaning of the Fourth Amendment." *Id.* at 88-89.

Similarly, in *United States v. Carrillo-Morales*, the police had a warrant to search the defendant's address, which the warrant listed as "1414 West Avenue." 27 F.3d 1054, 1064 (5th Cir. 1994). The 1414 address was actually a body shop. The defendant's home address was 1418 West Avenue. This Court explained that the "two buildings on the premises were similar in appearance and separated by an awning; the name Crown and Paint Body Shop was on both buildings." 27 F.3d 1054, 1064 (5th Cir. 1994). Thus, this Court held that the officers had acted reasonably and in good faith "in assuming that the warrant for 1414 West Avenue covered both buildings." *Id.*

No. 11-60334

Thus, the next question in the instant case is whether the officers made a reasonable effort to ascertain and identify whether the truck was on the property identified in the warrant. In its response to the suppression motion, the government asserted that the truck "was found parked in the back of the residence located at 320 CR 401." However, the government did not submit any evidence in response to the motion to suppress. Further, although the district court stated that the officers found the drugs in the house prior to finding the drugs in the truck, we are not aware of any evidence to support such a finding. The government's unsupported statements in its pleadings were insufficient to determine that the officers made a reasonable effort to identify whether the truck was on the property listed in the warrant. In other words, there are insufficient facts in the record to determine whether an exception to the exclusionary rule—such as good faith—is appropriate. The district court therefore abused its discretion in denying the motion to suppress without conducting an evidentiary hearing. Because the record is inadequate to allow this Court to determine whether the error was harmless, the district court's judgment is vacated and remanded for an evidentiary hearing on the motion to suppress.

III.  CONCLUSION

The district court's judgment is VACATED and REMANDED for proceedings consistent with this opinion.

5