# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 20, 2023

Lyle W. Cayce
Clerk

No. 22-50320

United States of America,

*Plaintiff—Appellee*,

*versus*

Kim Dung Thi Lee,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:21-cr-1246-1

Before Wiener, Stewart, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Defendant-Appellant Kim Dung Thi Lee was convicted of crimes related to trafficking undocumented noncitizens. She now appeals the district court's decision not to hold an evidentiary hearing on her motion to suppress evidence from a vehicle stop. She contends that facts material to the officer's probable cause were disputed on the existing record—specifically, (1) whether the location where an off-duty officer spotted someone board the

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50320

vehicle was a "known stash house" and (2) whether the vehicle's "rear suspension was heavily laden." We agree that an evidentiary hearing was necessary here.

## I. Background

In June of 2021, an off-duty border patrol agent observed someone get into a parked Dodge Journey at a place the Government refers to as a "known stash house used for smuggling undocumented noncitizens." The agent was not surveilling the "known stash house" at the time—he simply observed that incident by chance. He later saw the same vehicle at a nearby gas station, where he noticed that its "rear suspension was heavily laden." This was also by chance. The off-duty agent relayed his observations to other federal immigration law enforcement agents in the area, sharing the vehicle's license plate number and a photograph of the vehicle.

Shortly thereafter, an on-duty border patrol agent, Pedro Gutierrez, located the vehicle and ran its license plate, discovering that it was a rental. Agent Gutierrez also observed that the vehicle was "riding low on its suspension," and proceeded to stop it on I-10. After performing an immigration inspection, Agent Gutierrez determined that seven of the vehicle's nine occupants were undocumented noncitizens. All nine of the occupants, including Lee, were arrested.

The next day, Homeland Securities Investigations Special Agent Patrik Pinon interviewed Lee and the vehicle's driver. Lee admitted to Agent Pinon that she was attempting to transport the undocumented noncitizens to Dallas for which she expected to receive pay. Agent Pinon's affidavit is the only record evidence that recounts the foregoing events.

On July 28, 2021, a Grand Jury indicted Lee for conspiring to transport illegal aliens and transporting illegal aliens for financial gain. Lee filed a motion to suppress the evidence obtained during the vehicle stop, contending

No. 22-50320

that the stop was "not [made] pursuant to any traffic violation, nor based on any probable cause or suspicion developed by the arresting officers" and therefore violated her Fourth Amendment rights. Lee requested an evidentiary hearing on her motion. The Government opposed Lee's motion and responded that Lee did not raise issues worthy of a hearing. The Government's opposition largely restated the facts contained in Agent Pinon's affidavit without any further evidence, such as affidavits, sworn statements, or investigative reports. The district court denied Lee's motion to suppress and request for an evidentiary hearing on the ground that Lee did not present material disputed facts.

The parties proceeded to a bench trial on the following stipulated facts: Agent Gutierrez had conducted the stop that resulted in Lee's arrest, and Lee confessed to the elements of her offenses the next day. Lee did not stipulate the facts leading up to the vehicle stop because she contested the evidence and contended that it was irrelevant to the trial. Lee maintained, however, that such evidence was relevant to her motion to suppress.

Lee was found guilty of the crimes charged in the indictment and was sentenced to three years of probation including eight months of home confinement. Lee timely appealed the district court's decision on her request for an evidentiary hearing. Fed. R. App. P. 4(b)(1)(A)(i).

## II. STANDARD OF REVIEW

We review a district court's decision not to hold an evidentiary hearing for abuse of discretion. *United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983). An evidentiary hearing is required on a motion to suppress "only when necessary to receive evidence on an issue of fact." *Id.* If an abuse of discretion is determined, it is examined for harmless error. *United States v. Clark*, 577 F.3d 273, 287 (5th Cir. 2009) (citing *United States v. Sanders,* 343 F.3d 511, 517 (5th Cir. 2003)).

The Government contends that this appeal should be reviewed for plain error, but we find that Lee took sufficient steps to preserve this issue. She requested an evidentiary hearing on her motion to suppress and later—both before and during trial—she made continued references to the need for an evidentiary hearing. *See United States v. Rogers*, 481 F. App'x 157, 158 n.2 (5th Cir. 2012) ("Under these circumstances, we are persuaded that the issue regarding the failure to conduct an evidentiary hearing is sufficiently preserved for appellate review."). Here, Lee clearly identified this issue in the district court and explained that she would want full cross-examination of any relevant witnesses so that this court could rely on that evidence in conducting this appeal. A review for abuse of discretion is proper here. *See Harrelson*, 705 F.2d at 737.

## III. Discussion

Lee appeals the district court's denial of her request for an evidentiary hearing on the Government's assertions that (1) the location where someone entered the vehicle was a "known stash house" and (2) that vehicle was riding low. We agree with Lee on the stash house issue. This aspect of the record was adequately disputed, underdeveloped, and material to the motion to suppress.

Key to the district court's decision was the fact that the "parties do not dispute that a person was seen boarding the SUV at a known stash house for undocumented aliens." However, the briefs on the motion to suppress clearly establish a dispute on the nature of that location as a "known stash house" and the underlying rationale for that designation. But the record provides no evidence on the truth of this designation beyond one affidavit's retelling of the off-duty agent's observations.

In her motion to suppress, Lee challenged the legality of the stop that led to her arrest. She insists that the stop was not based on a reasonable

suspicion that the vehicle carried any undocumented noncitizens. Lee clearly disputed the pick-up location's status as a stash house in that motion. However, the district court limited its findings to what was "seen" at the location without addressing the nature of the location itself. The court then relied on the location's status as a stash house to determine that there was reasonable suspicion for law enforcement's performance of a vehicle stop.

A location's likelihood of criminality can factor into an officer's reasonable suspicion. *See Illinois v. Wardlow*, 528 U.S. 119, 124 (2000) ("[T]he fact that the stop occurred in a 'high crime area' [is] among the relevant contextual considerations in a *Terry* analysis."). But here, the Government provided no additional information regarding the location's status as a stash house. Agent Pinon's affidavit provides no answer to such status beyond his conclusional statement to that effect. Perhaps an affidavit from the off-duty agent who witnessed the location first-hand, or any number of hypothetical affidavits or reports, might have sufficiently bolstered the record to avoid an evidentiary hearing here. But the record before us is scant.

Lee has alleged "sufficient facts which, if proven, would justify relief," and the existing record renders it "necessary [for the court] to receive evidence on an issue of fact." *Harrelson*, 705 F.2d at 737. Although "[h]earings on motions to suppress are not discovery proceedings," *id.* at 738, "[d]emonstrating reasonable suspicion is the Government's burden," *United States v. McKinney*, 980 F.3d 485, 491 (5th Cir. 2020) (citing *United States v. Hill*, 752 F.3d 1029, 1033 (5th Cir. 2014). Lee cannot be expected to prove a negative based on the contents of Agent Pinon's affidavit. A hearing could allow the off-duty agent to "explain further what" he or she "observed or knew." *Id.* at 496.

As for the parties' dispute over whether the "vehicle was riding low," the district court acted within its discretion when it decided not to hold an

evidentiary hearing on this issue. *See Harrelson*, 705 F.2d at 737 ("Evidentiary hearings are not granted as a matter of course, but are held only when the defendant alleges sufficient facts which, if proven, would justify relief."). The low suspension alone would not have generated cause for a stop. Any number of groups could have occupied such a van at capacity, rendering its suspension to ride low. It was only that fact, coupled with the observation of an individual entering the vehicle at a "known stash house," that would have triggered reasonable suspicion here. The district court remains within its discretion to decide whether to hear this issue on remand.

The Government offers only cursory briefing on harmlessness,[1] contending that "the characteristics of the vehicle, *the characteristics and significance of the location first observed*, the time of night, the distance traveled, the direction of travel, in combination, provide adequate reasonable suspicion." As discussed, we agree that "the characteristics and significance of the location first observed"—i.e., the alleged "known stash house"— played an integral role in the district court's denial of Lee's motion to suppress all evidence from the vehicle stop. The existing record renders it impossible for us to decide that such error was harmless.

## IV. Conclusion

Defendant-Appellant Lee's conviction is VACATED, and this case is REMANDED to the district court with instructions to hold an evidentiary hearing on Lee's motion to suppress, all in accordance with this opinion.

---

[1] Government counsel offered additional unbriefed reasons for harmlessness at oral argument—to which, Lee's counsel graciously offered a response—but that argument was improper, and thus inadmissible before this court, because it lacked briefing by either party.